STATE *vs.* WILLIAM O. SNELL.

PROVIDENCE—MARCH 17, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Criminal Law.  Indictment.*

Pub. Laws R. I. cap. 344, § 2, relating to the driving of cattle into the State without first procuring a certificate that such cattle are free from tuberculosis, as far as may be determined by examination and the tuberculin test, provides for the form of such certificate and the facts to be set forth therein.  Section 3 of said chapter provides that complaints for the violation of said chapter shall be made by the secretary of the State Board of Agriculture :—

*Held,* on demurrer to indictment, that the grand jury under its common law powers and also under the provisions of Gen. Laws R. I. cap. 223, § 6, has full power to find an indictment for the violation of the provisions of said chapter, regardless of the source of the complaint.

(2)  *Criminal Pleading.*

*Held,* further, the negative averment that no certificate was sent as required by the chapter is sufficient, without explicitly alleging the particular character of the certificate required.  The offence consists in the bringing of the cattle into the State without first obtaining the certificate ; it is not the particular character of the certificate which defines the offence.

*Held,* further, where the statute uses the generic term "cattle," in an indictment thereunder the word "cow" is a sufficient description.  Exhaustiveness of description must stop somewhere.

*Held,* further, the validity of a statute, under which an indictment is drawn, cannot be reached by demurrer to the indictment, which lies only for defects which appear upon the face of the pleadings.

INDICTMENT, charging an act in violation of cap. 344, § 2, Pub. Laws R. I.  Heard on demurrer to indictment.  Demurrer overruled.

TILLINGHAST, J.  The indictment in this case charges, in substance, that the defendant, intending to ship, transport, and drive a certain cow from the State of Massachusetts into this State, did, on the day named, ship, transport, and drive said cow from the State of Massachusetts into Tiverton, in this State, without first sending to the secretary of the State Board of Agriculture of this State a certificate that said cow was free from tuberculosis, as far as may be determined by

physical examination and the tuberculin test, and without first sending to said secretary any certificate as required by Pub. Laws R. I. cap. 344, § 2.

The defendant has demurred to the indictment on the grounds : (1) That it nowhere appears affirmatively in the indictment that the complaint for the violation of the law was made by the secretary of the State Board of Agriculture. (2) That the indictment does not set forth with particularity the character of the certificate required. And (3) that the indictment does not set forth a description of the cow alleged to have been driven, so that the same may be identified, or that a judgment on the indictment would be a bar to another prosecution for driving the same cow. .

The statute upon which the indictment is founded is as follows :

" SEC. 2. All persons, corporations, or companies intending to ship, transport, or to drive cattle into the state must produce a certificate to the effect that the cattle to be so shipped, transported, or driven are free from tuberculosis as far as may be determined by physical examination and the tuberculin test. The certificate shall give a description of each animal brought into the state sufficiently accurate for identification, and shall give also the date and place of examination of each animal, the preparation of tuberculin used, the quantity injected, the temperature immediately before inoculation, the temperature at the eleventh hour, and every two hours subsequent thereto, for at least ten hours, or until the reaction is completed. The certificate shall be signed by a veterinarian who is a graduate of a recognized veterinary college, and shall be sent immediately to the secretary of the state board of agriculture, who shall immediately notify a commissioner of the county into which the cattle are to be shipped, transported, or driven, and said commissioner shall examine the cattle to identify them. Failure to comply with the law shall be considered a misdemeanor, punishable by a fine not to exceed one hundred dollars.

SEC. 3. Complaints for the violation of the provisions of this chapter shall be made by the secretary of the state board

of agriculture, and said secretary shall be exempt from giving surety for costs on any complaint made as aforesaid."

(1)    The first ground of demurrer is not well taken. It is quite immaterial, so far as the indictment is concerned, whether the secretary of the State Board of Agriculture made the original complaint in the prosecution of the defendant, as the grand jury under its common law powers, and also under the provisions of Gen. Laws R. I. cap. 223, § 6,[1] has full power to find an indictment regardless of the source of the complaint. Its powers, generally speaking, are co-extensive with the original criminal jurisdiction of the court of which it is a constituent part. *United States* v. *Hill*, 1 Brock. C. C. 156 ; 9 Am. & Eng. Ency. L. 13 ; *State* v. *Barnes*, 5 Lea. 398.

(2)    The second ground of demurrer is not well taken. The indictment alleges that no certificate was sent " that the cow to be so shipped, transported, and driven was then and there free from tuberculosis as far as may be determined by physical examination and the tuberculin test," etc. We think this allegation is sufficient. The object of the statute is to prevent diseased cattle from being brought into the State ; and to this end an examination of the cattle by a veterinarian is required before they can legally be brought in. And the only evidence that such an examination as the statute requires has been had, as a condition precedent to the right to bring them in, is the certificate specified in the statute. But there is no occasion to set out in the indictment the particular character of the certificate required. It is enough to allege that the defendant shipped and transported the animal into the State without first obtaining the certificate required by said statute. It is not the particular character of the certificate which defines the offence, but the offence consists in

---

[1] Gen. Laws R. I. cap. 223, § 6 : "Whenever a grand jury shall be impaneled by said common pleas division in any county, they shall be empowered, required and charged to diligently inquire and true presentment make of all crimes and offences done or committed within the county, and shall, in so far as may be deemed necessary, be instructed by the presiding justice in the law relative thereto."

the bringing of the cattle into the State without first obtaining the certificate. The case is analogous to a case of sales of liquor without a license, in which it is held that the denial of the defendant's authority to sell may be in general terms. Thus in *State* v. *Walsh,* 14 R. I. 507, which was a case for selling intoxicating liquor to a minor, the indictment, after charging the sale and delivery of the liquor, negatived the exception of the. statute in the following words, to wit : "Said sale and delivery aforesaid not then and there being as provided in section sixty of chapter eighty-seven of the Public Statutes of said state, ' Of the suppression of intemperance.' "

The defendant, after conviction, moved in arrest of judgment for uncertainty and insufficiency in the indictment, which motion was overruled, and the question presented to this court on the defendant's exceptions was whether the action of the court below was correct. Durfee, C. J., in delivering the opinion of the court, said : " The defendant contends that the indictment is defective in the matter of the negative averment, which, he contends, instead of negativing the exception, as above set forth by mere reference, should have alleged explicitly the provisions of section 60 which it undertakes to negative. His contention is that there is no difference in this respect between a negative averment and the allegations which charge the offence, the same degree of technical fulness and particularity being required in both. The position is not tenable, but as a rule any words which exclude the exception with certainty are sufficient."

We are therefore of the opinion that the negative averment, in the indictment before us, is sufficient.

We think the third ground of demurrer is also untenable. The indictment charges the defendant with shipping and transporting a certain cow into this State. We think this is a sufficient description. The statute uses the generic term "cattle," but the indictment employs the more specific word "cow." In prosecutions for larceny, in view of the fact that exhaustiveness of description must stop somewhere, it has been held to be sufficient to describe cattle by the general

term " cattle," or a dog by simply the general term " dog." Where the statute uses the term " dog," or "·horse," or " sheep," then these terms are regarded as general, under which it has been held that it is not necessary for the indictment to specify sex or age.    Whar. Crim. Ev. § 124 ; Bish. Stat. Crimes, § 426.    And if in a case of larceny it is sufficient to describe the animal stolen as a cow or horse, such description is certainly sufficient in case of a misdemeanor, which the statute declares the offence here charged to be.    It is true, as argued by defendant's counsel, that the statute requires that the certificate shall give a description of each animal sufficiently accurate for identification ; but, as before intimated, this requirement has nothing to do with the indictment.

That part of the brief of defendant's counsel which relates to the validity of the statute under which the indictment is drawn cannot be regarded, as it is an elementary rule of pleading that a demurrer only lies for defects which appear upon the face of the pleading to which it is opposed.    6 Ency. Pl. & Pr. 297.

The demurrer is overruled, and the case remitted to the Common Pleas Division for further proceedings.

*Charles F. Stearns, Assistant Attorney-General,* for State.
*Wm. P. Sheffield, Jr.,* for defendant.